LUZ MARÍA VÉLEZ ROMÁN, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, ARECIBO PART, JUAN LORENZO RODRÍGUEZ, JUDGE, Respondent.

No. C-64-76.    Decided January 21, 1965.

*E. Martínez Rivera* for petitioner. *B. Quiñones Elías* and *S. Quiñones Elías* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The issue raised herein is a sequel of our previous decision in the case of *Vélez* v. *Franqui*, 82 P.R.R. 735, 749–50 (Belaval) (1961). By virtue of the conclusions of law contained therein the trial court of Arecibo, speaking through Judge Domingo Raffucci, declared in turn that Luz María Vélez Román was the daughter of Juan Bautista Vélez Arce, with all rights inherent to such condition, declaring her, likewise, sole and universal heir of her father Juan Bautista Vélez Arce and as such owner of the properties constituting his estate, especially the farm referred to herein.

According to a stipulation of the parties while an action for the annulment of the birth registration, annulment of

declaration of heirship, declaration of filiation, and annulment of the record in the registration was being substantiated between petitioner Luz María Vélez Román and defendants Angel, Francisco, Celia, and Virginia Franqui, said defendants built a house on the farm object of this action which they still possess.

Pursuant to a motion for execution of judgment, the Arecibo Part, through Judge Cándido Ceballos, ordered its marshal to deliver the farm, special object of this action, "evicting therefrom the defendants or any other person occupying it either wholly or partially in defendants' name." On April 29, 1964, after said order had been issued, defendants requested the court to amend the order with respect to their eviction from the house they built on the farm of petitioner Luz María Vélez Román, because there had not been a "ruling by any court with respect to the house in question, that is, whether the house was built in good or bad faith and, therefore, the right of the parties thereon." The trial court of Arecibo by decision of its respondent judge granting defendants' petition stated the following:

"It is an undeniable fact that petitioners have no more right to defendants' house, object for this decision, than their predecessor. It is equally undeniable that if petitioners' predecessor had wished to evict the defendants from the farm he would have had to previously obtain judgment to that effect. Considering the facts in the manner stated hereinbefore, it is appropriate to amend the order issued by Judge Cándido Ceballos solely to the effect that the marshal of this court shall not carry out the eviction of defendants from the house they occupy located on petitioners' farm, and it is so ordered."

A petition for certiorari having been filed, the parties were granted ten days to show cause why the decision of the respondent judge setting aside the eviction of defendants from the house built by them while the title to the farm was in litigation should not be reversed.

■ It is not possible to establish an analogy, in strict juridical sense, between the legal status of the predecessor in title—possible tacit consent for building the house—and the legal status of the successor—possible lack of title to the land on which the house is built. Inasmuch as the house was built after the death of the predecessor and after the litigation over title of the property had commenced, according to the parties' own stipulation, the possible right of the defendants to enjoy the house built on another's land which is involved in the litigation, is part of the adjudication of the property rights in favor of petitioner. It is obvious that defendants sought to create a fictitious possession to buttress their hereditary claim.

■■ It is not possible either, as sought by the respondent judge, to separate the right of ownership from a possible right of possession in a case like this, in which any possessory action would become fraudulent because of the order declaring fraudulent both the birth record of Rosario Franqui in the Registry of Vital Statistics and the declaration of heirship based on said record and annulling the registration entry in favor of defendants, on which premises the defendants sought to base their right to the farm involved in this proceeding. In our civil order fraud does not generate any kind of right.

For the reasons stated, the decision of the respondent judge of September 29, 1964 is set aside and the previous order rendered by Judge Cándido Ceballos of the Superior Court, Arecibo Part, on March 17, 1964, shall remain in full force and effect by virtue of which the eviction of defendants was ordered as well as the delivery to petitioners of the farm object of this proceeding, and as it is the rule in restitution proceedings in any action of a possessory nature, defendants' house shall be demolished if not immediately removed.